UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| LINVILLE FAIRCHILD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-100-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Linville Fairchild and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner).  [Record No. 7, 8]  Through this action, Fairchild seeks to reverse the decision of an administrative law judge (ALJ) concluding that he was not entitled to social security benefits.  The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.  This case is now ripe for review.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Hall.

I.    **BACKGROUND**

On September 13, 2001, Fairchild filed the present claim for disability benefits under Title XVI alleging he became disabled on November 20, 1982 (Tr. 55, 110).  His claim was denied initially and upon reconsideration (Tr. 79-82, 86-89).  He then requested a hearing before an ALJ, and a hearing was held on July 19, 2002 (Tr. 12).  The ALJ acknowledged multiple prior applications and limited the period of adjudication as beginning November 25, 1998 (Tr. 12).

-1-

On October 24, 2002, the ALJ issued an unfavorable decision for the period at issue (Tr. 11-23). Fairchild requested review of the unfavorable decision; however, on December 19, 2002, the Appeals Council denied his request finding no basis for review (Tr. 4-5). Fairchild now seeks judicial review of the final decision in this Court.

Counsel for the Commissioner sought voluntary remand of the case because the transcript did not have a copy of an unfavorable ALJ decision from a previous claim (Tr. 344-47). The November 24, 1998, decision was added to the transcript (Tr. 60-69), and the case was remanded to the ALJ with instructions that he re-evaluate Fairchild's RFC (Tr. 344). Pursuant to the remand order, a hearing was held on June 23, 2004 (Tr. 325, 402-24). Thereafter, the ALJ issued an unfavorable decision on November 2, 2004 (Tr. 325-34). The Commissioner accepted the findings in the decision of the administrative law judge (ALJ) dated November 2, 2004 (Tr. 325-34). On March 4, 2005, the Appeals Council denied a request for review, thereby making the November 2, 2004, decision the final decision of the Commissioner (Tr. 317-19).

Fairchild was 48 years old at the time of the final decision (Tr. 55, 326). While he has continued to allege disability since 1982, for the purposes of the present claim, his alleged onset date of disability is September 13, 2001 (Tr. 328, 327, 328). He has a limited education, and no past relevant work history (Tr. 333). The ALJ found Fairchild to have a history of substance abuse/depression, but no current limitations from these conditions (Tr. 328). The ALJ also found his back pain and the residuals of internal fixation of a right tibia fracture to be severe impairments, but that there were no impairments or combination of impairments that met or medically equaled an impairment listed in the regulations (Tr. 328-29, 333).

The ALJ determined Fairchild's subjective complaints of pain and other symptoms were only partially credible (Tr. 330, 333). The ALJ also found that Fairchild retained the residual functional capacity (RFC) to perform the demands of significant range of medium work if he could avoid the use of foot controls with his right leg and hazards such as heights and dangerous machinery (Tr. 331, 333, 422). The ALJ obtained testimony from a vocational expert (VE) who indicated that a significant number of jobs existed that could be performed with these limitations (Tr. 422). Based on this testimony and evidence, the ALJ concluded that Fairchild was not disabled within the meaning of the Social Security Act (Tr. 17-19).

## II.    LEGAL STANDARD

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal

of evidence.  Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight."  *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence.  *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989).  Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).  It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence.  Credibility determinations are particularly within the province of the ALJ.  *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

III.    ANALYSIS

      A.    **Treating Physician's Opinion as to Mental Impairment**

Fairchild claims that the ALJ failed to give proper weight to the findings of a therapist at Mountain Comprehensive Care Center (MCCC) and, instead, relied on the findings of a physician at that same facility, Dr. James Dumas, and a mental health medical expert, Dr. Stuart Gitlow.   Because Ms. Davis is not a licensed or certified psychologist, she cannot be characterized as a treating source and her opinion, therefore, is not due the same deference under the "treating physician" rule.   *Social Security Ruling 96-2p*.   As a result, the ALJ properly discounted her findings in favor of the other medical evidence in the record.

While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician."   *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.").   However, neither a mental health facility nor an "other medical source" without the specified licensing credentials can be considered a treating source.   *See* 20 C.F.R. 416.902; *also* 20 C.F.R. 416.913 (list of five types of acceptable medical sources).   Because Ms. Davis cannot be properly characterized as a "treating source", her opinion is not due controlling weight.   *Id.*

-5-

Ms. Davis, however, constitutes a medical source for purposes of 20 C.F.R. 416.902, and her opinion is to be considered along with the other evidence in the record. Here, Ms. Davis opinion is at odds with the opinion of Dr. Dumas, who concluded that Fairchild's symptoms were only "moderate", nowhere near as severe as Ms. Davis had concluded (Tr. 308). Furthermore, Ms. Davis' own notes suggests that Fairchild had been fishing and walking for activities, and doing some trading (Tr. 330, 381-85). Finally, Dr. Gitlow's examination of the evidence concluded that Fairchild would have at least a satisfactory ability to function in most work-related environments. (Tr. 396-97)   Given the weight of the evidence, the ALJ's discounting of Ms. Davis' opinion was proper.

### B.    Hypertension

Fairchild correctly notes that a prior ALJ decision determined that his hypertension was severe. (Tr. 62); [Docket No. 7]  According to Fairchild, because there is no evidence that his hypertension and corresponding dizziness has improved, circuit case law required the ALJ in claim V to find that his hypertension was severe. *Id.* Fairchild's argument fails for two reasons. First, Fairchild does not describe what, if any, additional functional limitations the ALJ should have included in the decision.   Second, the record indicates that the ALJ did regard the hypertension as severe, in that he reached an identical RFC as the previous ALJ.

Fairchild's argument is that the ALJ should have articulated that his hypertension and corresponding dizziness were severe.  [Docket No. 7]  Where an ALJ errs in failing to find that an impairment constitutes a severe impairment, there is no reversible error so long as the ALJ continued with the sequential analysis in the disability determination. *See Maziarz v. Secretary*

*of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987).  The court in *Maziarz* determined that the evidence suggested that ALJ considered the omitted condition in determining the plaintiff's RFC.  *Id*.

In the present case, the evidence strongly suggests that the ALJ did in fact consider Fairchild's hypertension.  Although the decision did not specifically conclude that his hypertension/dizziness was one of his severe impairments, the ALJ did discuss Plaintiff's ongoing hypertension (Tr. 328, 330).  Thus, the ALJ would have taken it into account when considering his RFC.  The prior ALJ determined that Fairchild had an RFC of medium work and that he should avoid hazards such as heights and dangerous machinery (Tr. 68).  The ALJ in the present action also determined that Plaintiff could perform medium work, that he should avoid use of foot controls with his right leg/foot, and that he should avoid hazards such as heights and being around dangerous machinery (Tr. 333).

Plaintiff does not suggest that additional limitations in the hypothetical question and RFC should apply when comparing the ALJ claims.  These same limitations remain sufficient to accurately account for what Plaintiff can still do despite his limitations in the present claim.  This Court concludes that the ALJ sufficiently accounted for Fairchild's hypertension in the finding of the medium work RFC.

### IV.    CONCLUSION

After reviewing the briefs submitted by the parties and the administrative record, it is clear that the ALJ's opinion was supported by substantial evidence.  Accordingly, it is hereby **ORDERED** as follows:

(1)     Claimant's Motion for Summary Judgment [Record No. 7] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 8] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 10th day of November, 2005.

**Signed By:**

**Danny C. Reeves**   DCR

**United States District Judge**

-8-